## WATSON v. PEOPLE.

Violent criticism made by an attorney, in a quarrel with the clerk of the court and another attorney over the entry of a default judgment, in regard to the manner of transacting court business, when the court was not in session, and where the words were not calculated to influence the court, nor were they spoken in the judge's presence, or with the intention of reflecting upon his integrity, is not a contempt of court.

*Error to County Court of Chaffee County.*

PROCEEDING against Alexander G. Watson for contempt of court. There was a conviction, and the defendant brings error.

Messrs. H. BALLARD, C. S. LIBBY, RHETT and HOBSON, and LOGAN and GUNNELL, for plaintiff in error.

Attorney-General MARSH, for the people.

RISING, C. Plaintiff in error was convicted and sentenced for a contempt of court. He appeared before the court below in response to a notice to show cause, and filed his answer, stating the material facts and circumstances attending the alleged contempt. His motion for

a trial by jury was overruled and judgment entered against him upon the pleadings, viz., affidavits and answer.

For the purposes of this case we must accept as true the averments made by respondent in his pleading. *In re May*, 2 Flip. 562. In order to ascertain whether the language used by respondent constituted a contempt we therefore turn to the admissions and statements set forth in his answer. The circumstances attending the speaking of the words may be looked into to ascertain the meaning of the words spoken and the intention of respondent in speaking them. These circumstances show that the alleged contemptuous words were spoken in a quarrel between respondent and the clerk of the county court, and between respondent and one Hartenstein, of the law firm of Hartenstein & Sindlinger, in relation to the entry of default by the clerk in a cause pending before the court, and the procurement of such action by said firm. The words were spoken under excitement and in the heat of passion. The language used was violent and unprofessional, and we presume was not such as respondent would have used in a dispassionate criticism of the objectionable acts. But it is sufficient to say that the subject of the quarrel did not extend to or include any act of the court or judge thereof. It was the asking for and the entry of the default to which respondent objected. Respondent criticised the general manner in which the court business was transacted, and by innuendo might be regarded as reflecting upon the integrity of the judge, though he expressly disclaims any such intention. But the court was not in session, and respondent's epithets were not used in the presence of the court or judge. They were not calculated to intimidate or improperly influence the action of the court in causes pending before it; nor can it be fairly said that they tended to impede, embarrass or obstruct the administration of justice. While we connot exonerate respondent, as a

lawyer, from censure for the passion displayed and the language used, we cannot say that he was guilty of a contempt of court, either under our statute or at common law. *Storey v. People,* 79 Ill. 45–50.

The judgment should be reversed and the proceedings dismissed.

We concur: MACON, C.; STALLCUP, C.

PER CURIAM. For the reasons given in the foregoing opinion the judgment of the county court is reversed and the proceedings dismissed.

*Reversed.*