## FAIRCLOTH v. MAYOR AND COUNCIL OF MACON.

The power of the recorder of the City of Macon to punish for contempt is fixed by its charter, and may be exercised in the manner therein prescribed, without reference to whether he is sitting for the trial of offenses against the municipal ordinances, or as a court of inquiry for the investigation of offenses committed against the State within the limits of the city.

Argued April 10, — Decided May 11, 1905.

Action for money had and received.   Before Judge Hodges. City court of Macon.   December 16, 1904.

*M. G. Bayne*, for plaintiff.   *Minter Wimberly*, for defendant.

COBB, J.   The recorder of the City of Macon imposed a fine of $50 upon Faircloth for contempt.   He had been brought before the recorder, charged with gaming, and while the case was pending had attempted to procure the prosecutor to leave the city.   The officers of the city were about to confine Faircloth in the city prison, when to relieve himself from imprisonment he paid the fine, which was turned over to the city treasurer.   The present suit is brought by Faircloth against the city authorities to recover the

amount so paid, upon the ground that it was an illegal exaction and paid under duress. The case turns upon the power of the recorder to punish for contempt when sitting as a committing magistrate. Counsel for the plaintiff in error contends that the recorder, when exercising this power, is acting as a justice of the peace; that his authority to punish for contempt is subject to the same limitations as that of a justice of the peace in reference to these matters; and that as a justice of the peace can not as a punishment for contempt impose a fine exceeding five dollars in amount, the power of the recorder is thus limited. The justice of the peace as presiding officer of the justice's court contemplated by the constitution, with civil jurisdiction, is limited in the manner indicated in his power to punish for contempt; but there is no express statute thus limiting his power when sitting as committing magistrate, though it may be that by analogy the courts would hold that he was so limited. See *Ormond* v. *Ball*, 120 *Ga.* 922. But even if it be conceded that the power of a justice of the peace as committing magistrate is thus limited, is the recorder of the City of Macon subject to a similar limitation in his power to punish for contempt? The charter of the City of Macon provides for a recorder's court, which has jurisdiction of all of those offenses usually within the jurisdiction of police courts; and he also has the same power to punish for contempt as a judge of the superior court,—by a fine not exceeding $200 and imprisonment not exceeding thirty days. The charter further provides: The recorder "shall be to all intents and purposes a justice of the peace so far as to enable him to issue warrants for offenses committed within the corporate limits of said city, which warrants may be executed by any member of the police force of the city, and to commit the offenders to the jail of the County of Bibb, or admit them to bail in bailable cases, for their appearance at the next term of a court of competent jurisdiction to be held in and for said county." Acts 1893, p. 257, secs. 57, 59. Under these provisions of the charter, whether the recorder be sitting for the purpose of punishing violations of the city ordinances, or for the purpose of inquiring into violations of the State law committed within the limits of the City of Macon, he sits as recorder of the City of Macon, with all the powers conferred by the charter upon that officer. He is not in reference to one class of cases a city officer with the name

of recorder, and in reference to another class of cases a State offi-
cer with the name of justice of the peace.    He is a city officer at
all times, but with the power to exercise, under certain conditions
the authority which State officers of a given name and class are
also authorized to exercise.    Therefore his power to punish for
contempt, without reference to the character of the case he may
be investigating or that may be pending before him, is derived,
not from the general law of the State, but from the terms of the
charter, which gives to him the authority in matters of contempt
which the law confers upon judges of the superior courts.    The
recorder therefore had authority to impose a fine of not exceeding
$200 for contempt; and the court did not err in dismissing the
petition on demurrer.

    *Judgment · affirmed.      All the Justices concur, except Candler,
J., absent.*