## CUNNINGHAM, recorder, *v.* RACHAELS *et al.*

The writ of prohibition is employed to arrest illegal proceedings by any court officer, where no other relief is given. The charter of the City of Macon confers power upon the recorder "to issue attachments and inflict summary punishment for contempt" of the recorder's court. For an erroneous decision by the recorder on a question of contempt there is a remedy by certiorari. Accordingly the writ of prohibition will not lie to prevent the recorder of the City of Macon from proceeding with the trial of persons charged with contempt of the recorder's court.

APRIL 11, 1917.

Prohibition. Before Judge Mathews. Bibb superior court. September 6, 1916.

Certain police officers were cited to appear before the recorder's court of the City of Macon, to show cause why they should not be punished for contempt of court. Before the hearing the respondents presented a petition to the judge of the superior court for writ of prohibition to arrest the proceeding before the recorder. The petition was sanctioned and a rule issued. Before the return day the recorder presented to the judge a motion to revoke the order sanctioning the petition, on the ground that the facts alleged did not authorize the relief sought, and that the order was improvidently granted. The motion was overruled, and the movant excepted.

*Walter Defore, J. C. Estes, Miller & Jones, R. W. Barnes,* and *W. D. McNeil,* for plaintiff in error.

ATKINSON, J. The charge of contempt was based on the publication of an article by the police officers in one of the newspapers in the city, criticising the recorder on account of decisions which he had rendered in cases brought before him, involving certain crimes said to be prevalent, which the officers were seeking to suppress. In determining whether the writ of prohibition should have issued, it is unnecessary to consider the merits of the contempt

case before the recorder. The writ of prohibition is employed "to arrest illegal proceedings by any court officer," where no other relief is given. Civil Code, § 5458. If the law authorizes the recorder to pass upon questions of contempt of his court, proceedings by him for such purpose are not illegal, and the writ of prohibition will not be granted to arrest them. Any defense by the respondent will be heard by the recorder, and any error committed against him will be subject to review and correction by certiorari. *Turner* v. *Forsyth,* 78 *Ga.* 683 (3 S. E. 649) ; *Hudson* v. *Preston,* 134 *Ga.* 222 (67 S. E. 800). Whether the law empowers the recorder to pass upon questions of contempt will depend upon the provisions of the charter of the City of Macon. By section 59 of the act of 1893 (Acts 1893, p. 257), amending the charter of the City of Macon, it is provided that the recorder "shall have the same powers as judges of the superior courts of this State to punish for contempts of officers and others," etc. In this manner the general law relating to the power of judges of the superior courts in this State (Civil Code, § 4643) is made a part of the charter of the City of Macon. The section just cited declares: "The power of the several courts in this State to issue attachments and inflict summary punishment for contempt of court shall not extend to any cases, except the misbehavior of any person or persons in the presence of said courts, or so near thereto as to obstruct the administration of justice, the misbehavior of any of the officers of said courts in their official transactions, and the disobedience or resistance by any officer of said courts, party, juror, witness, or other person or persons to any lawful writ, process, order, rule, decree, or command of the said courts." Other provisions of the section relate to the right of trial by jury in cases of contempt for failure to pay over money in obedience to decrees or orders of the court, where the defendant denies that the money is within his power, custody, or control. While the status of the law was as indicated above, this court, in the case of *Faircloth* v. *Macon,* 122 *Ga.* 795 (50 S. E. 915), recognized the authority of the recorder of the City of Macon under the charter of the municipality to punish for contempt of court. See, on the general subject, *Plunkett* v. *Hamilton,* 136 *Ga.* 72 (70 S. E. 781, 35 L. R. A. (N. S.) 583, Ann. Cas. 1912B, 1259). Subsequently the charter was again amended (Acts 1914, p. 981). This amend-

ing. act contained, among other provisions, the following: "Sec. 47. . . Said recorder shall not have the authority to inflict a greater punishment for contempts committed in the presence of the court than to impose a fine of twenty-five dollars, or imprisonment in the city jail for a space not exceeding ten days." Also: "Sec. 126. All of the acts of the General Assembly creating and amending the charter of the Mayor and Council of the City of Macon, now of force and that are not in conflict with this act, shall be and remain of full force and effect, and shall be held and construed as a part of the charter of the City of Macon until modified or repealed." It is urged that this act repealed section 59 of the act of 1893 (Acts 1893, p. 257), supra. It did not repeal that provision of the act in its entirety, but impliedly modified it to the extent of reducing the punishment that might be imposed by the recorder for contempts committed in the presence of the court. The modification of section 59 of the charter of 1893 by section 47 of the charter of 1914, however, is of no importance in determining whether this is a proper case for the writ of prohibition, as both provisions of the acts recognize the power of the recorder to punish for contempt. It was error for the court to refuse to revoke the order sanctioning the petition.

*Judgment reversed. All the Justices concur.*