20204.   CITY OF MACON *v.* MASSEY.

ARGUED OCTOBER 14, 1958—DECIDED NOVEMBER 7, 1958—
REHEARING DENIED NOVEMBER 19, 1958.

590

*Durward B. Mercer,* for plaintiff in error.

*Frank G. Wilson,* contra.

*Charles J. Bloch, Frank C. Jones,* for Macon Bar Association.

HEAD, Justice. ■ The motion to dismiss the petition for certiorari is denied. The Constitution, article I, section I, paragraph VIII (Code, Ann., § 2-108), provides: "No person shall be put in jeopardy of life, or liberty, more than once for the same offense, save on his, or her own motion for a new trial after conviction, or in case of mistrial." This constitutional provision has application only to a crime. A crime is a violation of a public law, in the commission of which there is joint operation of act and intention, or criminal negligence. Code § 26-201.

This court in a number of decisions has made a distinction between "civil" and "criminal" contempt. Generally the classification as to "civil" or "criminal" contempt is one depending on the facts of each case. See *Alred* v. *Celanese Corporation of America,* 205 *Ga.* 371 (54 S. E. 2d 240), and *Pedigo* v. *Celanese Corporation of America,* 205 *Ga.* 392 (54 S. E. 2d 252). In the present case it is not alleged that the contemner violated any of the criminal statutes of this State. The contempt charged, however classified, is subject to review by this court, since all contempt proceedings arise, not by accusation or indictment, but by attachment, as provided by Code § 24-105.

The writer is fully familiar with the prohibition against review of a criminal case at the instance of the State. In this connection see the dissenting opinion in *Glustrom* v. *State,* 206 *Ga.* 734, 740 (58 S. E. 2d 534).

■ The office of Recorder of the City of Macon is not a judicial office under the Constitution of this State. The power of the Recorder of the City of Macon to punish for contempt

must, therefore, rest upon authority granted by the General Assembly of this State. The charter of the City of Macon provides that the Recorder shall have power and authority to punish for contempts. Ga. L. 1927, pp. 1283, 1313. See also *Faircloth* v. *Mayor &c. of Macon,* 122 *Ga.* 795 (50 S. E. 915); *Cunningham* v. *Rachaels,* 146 *Ga.* 682 (92 S. E. 208). Any contention that the power of the Recorder of the City of Macon to punish for contempt is void, because of the failure of the ordinances of the city to define contempt, is wholly without merit. Contempt of court is defined under Code § 24-105, as related to those courts created by the General Assembly. "The power of a constitutional court to define and classify contempts of court is not limited by the Code, § 24-105, . . ." *Cobb* v. *State,* 187 *Ga.* 448 (200 S. E. 796).

In the opinion of the Court of Appeals it is correctly stated that, since the judge's response in the certiorari proceedings was not traversed, the recitals therein must be taken as true. In the opinion it is stated in part: "In the instant case while the contemner originally telephoned Judge Miller concerning his son's cases, the reason the contemner came to the judge's office was for the purpose of forcing the judge to apologize for 'hanging up in his face', a purely personal matter." P. 794. The facts as set out by the Court of Appeals and partially stated in this conclusion by the Court of Appeals show that the contemner was twice in contempt of court, first in undertaking to force the judge to discuss his son's cases over the telephone, contrary to the advice and insistence of the judge; and second, in going to the judge's office for the purpose of forcing the judge, by physical force or violence, to apologize.

Under the contemner's own statement, he was likewise twice guilty of contempt. In his application for certiorari his version of the occurrence is as follows: "When I learned that the insurance on my car might be canceled due to the speeding case against my son I decided to phone Judge Miller and see if there was something I could do about it. The money involved amounted to several hundred dollars in addition to the loss of the coverage and therefore it seemed logical to me to make an attempt to do something about it. . . My son was fined by

Judge Miller on Feb. 16th and his driver's license suspended for sixty days. But the purpose of my phone call that afternoon of February 22nd was not connected with my son's speeding case, that fine having already been paid. I felt that Judge Miller should apologize for hanging up in my face, and I told him so. I also asked him as I left his office to come out into the hall and fight."

Under the response of Judge Miller, the contemner was guilty of contempt in the presence of the court while in court in response to the citation.

The case of *McGill* v. *State of Georgia,* 209 *Ga.* 500 (74 S. E. 2d 78), cited by counsel for the contemner, and the cases of *Townsend* v. *State,* 54 *Ga. App.* 627 (188 S. E. 560), *Adams* v. *State of Georgia,* 89 *Ga. App.* 882 (81 S. E. 2d 507), and *Clark* v. *State of Georgia,* 90 *Ga. App.* 330 (83 S. E. 2d 45), are not in point on their facts with the present case, and do not support the ruling by the Court of Appeals.

The time has not yet arrived in Georgia when a person dissatisfied with the results of a judicial proceeding may with impunity require the judge to discuss the matter with him by telephone, in his office, or elsewhere, and thereafter, as a result of the refusal of the judge to discuss the case in a manner satisfactory to the complaining party, challenge the judge to engage in a physical encounter or brawl.

"What law confers on a suitor the right to converse about his case with a judge out of court? . . . The office of judge would be intolerable to the holder and degrading to the State, were the incumbent subjected by law to personal and private approach, questioning and harassment at the will of anxious and discontented suitors. . . If the judge had to scramble with a mob of suitors, or others, to reach the bench every morning, and then could punish none of them for the indignity which they had offered the law and public authority, because he had not succeeded in formally opening the court for the day's business before he was insulted, he would soon become powerless to administer justice." *Baker* v. *State of Georgia,* 82 *Ga.* 776, 781 (9 S. E. 743, 4 L. R. A. 128, 14 Am. St. R. 192). See also *Swafford* v. *Berrong,* 84 *Ga.* 65 (10 S. E. 593); *Plunkett* v. *Hamilton,* 136

*Ga.* 72 (70 S. E. 781, 35 L. R. A. (NS) 583, Ann. Cas. 1912B 1259).

The judgment of the Court of Appeals is

*Reversed. All the Justices concur.*