44554.   COHRAN v. SOSEBEE, Judge.

ARGUED JUNE 2, 1969—DECIDED JUNE 23, 1969—
REHEARING DENIED JULY 16, 1969—

*Larry Cohran, Randall Evans, Jr.,* for appellant.

*Edward E. McGarity, District Attorney, Chas. B. Haygood, Jr., W. Franklin Freeman, Sam L. Whitmire, Charles E. Lambdin, Phillip Benson Ham, Richard W. Watkins, Jr., Harold G. Clarke, Rudolph Sullivan, E. Byron Smith, J. R. Miller, Jr., W. B. Mitchell,* for appellee.

PANNELL, Judge. The appellant was found guilty of contempt of court for actions occurring in the presence of the court during the trial of a case. There appears in the record on the appeal to this court, the order of the trial judge, which had attached thereto a transcript of what occurred during the trial when the appellant, who represented the defendant on trial, was cross examining a witness for the State. The order is as follows: "During the course of the trial of the cases of The State vs. Willie James Gresham in the Superior Court of Henry County, Georgia, Larry Cohran, attorney for the defendant, while cross examining one J. W. Morgan, witness for the State, did with clenched fist drawn back step toward the witness in a menacing manner as if to strike the witness, whereupon the witness said, 'Come on—that's what I want you to do. That's what I want you to do, friend.' The witness started to raise up or get up from the witness chair, when Mr. Cohran, still with drawn and clenched fist, moved back away from the witness, saying, 'You'll get your chance. You can rest assured of that.'

"The scene gave the appearance that a fight was about to take place in the courtroom.

"This conduct on the part of Mr. Cohran, together with his expression of anger and surprise caused an outburst of laughter among other defendants waiting to be tried, witnesses and spectators which took some effort on the part of the court to restore order.

"A transcript of the pertinent portion of the transcript is attached hereto and made a part of this order.

"The court finds that the conduct and manner of Attorney Cohran invited and provoked the witness's answer and was contemptuous of the court and the orderly process of the court and such conduct and actions did interfere with the lawful administration of justice and said conduct occurred in open court and in the presence of the court.

"The conduct of the said Larry Cohran referred to herein is considered and adjudged to be in contempt of the court, and it is hereby ordered that he be confined in the jail of Henry County for three days or pay a fine of $50 for said contemptuous conduct.

"The Sheriff of Henry County, or his lawful deputy, is hereby ordered to remove the said Larry Cohran from the bar of this court to the Henry County jail and there confine him for a period of three days unless said fine is paid. Attorney Cohran having stated to the court that he desired to appeal the judgment of the court, a supersedeas is granted pending an appeal, provided that the appeal be filed and forwarded to the proper appellate court within thirty (30) days from this date.

"This 3rd day of February, 1969, for January 31, 1969. Hugh D. Sosebee. J.S.C.F.C."

The transcript is as follows: "Q. Mr. Morgan, who was occupying the station wagon? A. Who was what? Q. Occupying the State wagon? A. When? Q. When it was in your lot? A. Gresham. Q. Mr. Gresham. What was the other car? A. A Comet. Q. What kind of Comet? A. '64 Comet. Q. Was any liquor found in the '64 Comet? A. I didn't find any. Q. Was any liquor found in it? A. Not that I know of. Q. You didn't tell me that some was found in it? A. No.

Q. If I asked you up here, you'd say I was lying? A. You're lying. (Attorney Cohran steps toward witness with fists clenched). A. Come on—that's what I want you to do. That's what I want you to do, friend. By Mr. Cohran: You'll get your chance. You can rest assured of that. (Outburst of laughter in the courtroom). By the Court: I'm not going to put up with this demonstration. I don't know how much room we've got in the jail down there, but we'll find room somewhere else, for everybody, those back there and here, too. Now, this is a courtroom, Mr. Cohran, you know better than that. Mr. Cohran: He called me a liar, Judge. By the Court: You asked him a question. Mr. Cohran, I'm going to find you in contempt of court and I will pass judgment when this case is over. You know better than this; you are an attorney and you've been in court and the court feels that your conduct is highly improper and highly irrelevant especially for someone who is an attorney. I'm going to ask that from this moment forward, if these people think that this case is funny or anything about it is funny, if you still think it's funny, you can leave. If you stay in the courtroom, I'm not going to have any more laughing, because you're going to be moved from here, from this jail to some other jail. We are going to conduct this trial in an orderly manner and I'm not going to have folks in this courtroom acting improper. The case is going to be tried, regardless of what anybody may think. So, I'm going to ask the witness and Mr. Cohran, too, to observe the rules of the court. Go ahead."

The appellant strenuously defends his conduct on the basis that, (1) the answer was not responsive to the question, (2) he acted as any man would act upon being called a liar, (3) his act did not amount to an assault, and (4) under Code § 26-1409 opprobrious words are a defense to a charge of assault and battery. We will discuss these contentions in their order.

(1) The appellant differs with the reporter on what question was asked, however, we are bound by the transcript. The transcript is as follows: "Q. If I asked you up here, you'd say I was lying? A. You're lying." The appellant's view is that the question is as follows: "Didn't you tell me yesterday

that if the truth was known, there was liquor in both cars, but if I asked you in front of the jury, that you would say I was lying?" The question as stated in the transcript, coupled with the questions immediately prior thereto, is not quite clear. It may be that the question contended by the appellant was the one asked, but we are bound by the transcript. The question shown by the transcript might just as well have been "If I said up here that you told me some liquor was found, would you say I was lying?" If the question shown by the transcript was not what was asked, then the trial judge who was present did hear what was asked. Appellant admits that a "yes" or "no" answer was required, and according to the record, the "yes" or "no" answer would have been to this question, "You'd say I was lying?" While a "yes" or "no" answer may have been more appropriate, the fact that the witness instead of answering with the lone word "yes" chose to answer in the words of the question, does not make the answer unresponsive to the question and the answer cannot be said to have been unprovoked and uninvited by the appellant in the manner in which he framed his question which question was framed after the witness had already denied he made any such statements to the appellant.

(2) The appellant was an officer of the court and as such is bound to a greater degree of propriety than would be a layman in the courtroom but even a layman could be found guilty of contempt of court who acted as the appellant did upon being called a liar. The writer of this opinion might have been tempted under similar circumstances, and might have done exactly what the appellant did; and while the fact that one creates a disturbance in court by giving way to ordinary human emotions may persuade the trial judge not to find him guilty of contempt for such actions, such fact does not compel the trial judge to so find or as a matter of law absolve the actor from being guilty of contempt of court.

(3) That the actions of the appellant did not amount to the crime of assault does not prevent his actions from constituting a contempt of the court. That his actions did not amount to the crime of assault might have reduced the degree of the con-

tempt, but that only. *Code* § 26-1409 provides: "On the trial of an indictment for an assault, or an assault and battery, the defendant may give in evidence to the jury any opprobrious words, or abusive language, used by the prosecutor, or person assaulted or beaten; and such words and language may or may not amount to a justification, according to the nature and extent of the battery, all of which shall be determined by the jury." It therefore appears that opprobrious words are not an absolute defense to a charge of assault and battery, much less would they be an absolute defense to a charge of contempt of court by acts occurring in the presence of the trial judge in the courtroom during the progress of a trial. We conclude therefore that the trial judge was authorized to find that the appellant invited and provoked the witness's answer and that his actions in response thereto constituted contempt of court.

*Judgment affirmed. Bell, P. J., Jordan, P. J., Hall, Eberhardt, Deen, and Quillian, JJ., concur. Whitman, J., concurs in the judgment. Felton, C. J., dissents.*

FELTON, Chief Judge, dissenting. The only reading of the following questions and answers which makes any sense at all to me is that, when the witness answered that no liquor was found in the '64 Comet that he knew of, the appellant intended to ask the question, "You didn't tell me that some was found in it *but that* [supplied] if I asked you up here, you'd say I was lying?" However, before appellant finished his question and had stated part of his question, the witness interrupted and answered "No" to the question whether he had told appellant that some was found in it. Appellant seems to have ignored the interruption and to have continued with his question as indicated above where my opinion of the intended question is suggested. The answer to this question should have been either "yes" or "no", not that the appellant was lying. I think that the witness provoked whatever unseemly conduct the appellant exhibited and that appellant put the brakes on a natural, involuntary reflex action and should be commended for his quick recovery and self-control.

Under the circumstances of this case I think that this court should order up the tape recording of the proceedings in this

case in order that justice may be done in the premises as there is no denial by the State that the recording is the original of the record of the trial and the so-called official transcript is but a copy.

ON MOTION FOR REHEARING.

Appellant, on motion for rehearing, moves this court to have the recording tape of the particular question and answer of the witness sent to this court under authority of the last sentence in Paragraph (f) of Section 10 of the Appellate Practice Act (Ga. L. 1965, pp. 18, 24; *Code Ann.* § 6-805) which reads as follows: "The trial court or the appellate court may at any time order the clerk of the trial court to send up any original papers or exhibits in the case, to be returned after final disposition of the appeal." Assuming, without deciding, that a recording tape of the proceeding could be properly requisitioned under this clause, this court has no power or jurisdiction to settle the dispute between what is shown in the transcript sent to this court on appeal and what the appellant contends may be shown by the recording tape. "The Court of Appeals shall have jurisdiction for the trial and correction of errors of law." Art. VI, Sec. II, Par. VIII (*Code Ann.* § 2-3708). Since by the express terms of the Constitution of Georgia, this court is a court for the correction of errors of law alone "we cannot undertake to correct errors of fact." See *Mills v. State*, 188 Ga. 616, 623 (4 SE2d 453). There is nothing in the Appellate Practice Act changing this situation. On the contrary, the remainder of Paragraph (f) preceding the sentence on which this motion is based, clearly indicates the proper procedure. That portion of Section (f) reads as follows: "Where any party contends that the transcript or record does not truly or fully disclose what transpired in the trial court and the parties are unable to agree thereon, the trial court shall set the matter down for a hearing with notice to both parties, and resolve the difference so as to make the record conform to the truth. If anything material to either party is omitted from the record on appeal or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the appellate court, on a proper suggestion or of its own initiative, may direct that the omission

or misstatement shall be corrected, and, if necessary, that a supplemental record shall be certified and transmitted by the clerk of the trial court." Whether appellant has pursued this remedy, the record does not disclose, but if he has his remedy, he must pursue it. We do not deem it amiss, under the circumstances, to call attention to the fact that the enumeration of errors filed in this court was signed both by the appellant and his counsel and after enumerating the errors contains the following: "The portions of the record material to a clear understanding of the above alleged errors are: 1. The order of the court dated February 3, 1969, signed by Hugh D. Sosebee, Superior Court, Flint Circuit, and the transcript of the pertinent portion of the transcript of Cases #7079 and 7080 of the Henry Superior Court annexed thereto."

It is further our opinion that even if the record be corrected to read as contended by the appellant, there would be no difference in the result of the case on appeal. Even should we concede that appellant did not invite or provoke the remark of the witness, counsel might still be adjudged guilty of contempt of court, because of his actions in response to the witness's remark.

Appellant, also in his motion for rehearing, attacks various statutes and certain actions of the trial judge as being violative of certain provisions of the Constitution. It has been the rule in this State for some time that all constitutional questions must be raised at the first opportunity. While it may be true that the appellant, strictly because of the time element, did not have the opportunity to raise such questions in the lower court, it appears that he had ample opportunity to raise these constitutional questions in this court prior to a decision. "The courts will not require the impossible, but they will require a party to make a proper attack upon a statute . . . at the first opportunity an attack is possible." *Freeman v. City of Valdosta,* 119 Ga. App. 345, 348 (167 SE2d 170). The appeal was filed on the 21st day of February, 1969, from a judgment entered on February 6, 1969. The record was filed in this court on April 22, 1969. Appellant filed his enumeration of errors May 12, 1969. On May 12, 1969, appellant filed his brief in this court. On

June 4, 1969, appellant filed a rebuttal brief in this court. On June 13, 1969, appellant filed a supplemental rebuttal brief in this court. No constitutional questions were raised by the enumerations of error nor by any of the briefs filed by appellant and it was not until after a judgment of affirmance was rendered by this court on June 23, 1969, that appellant, on July 2, 1969, in his motion for rehearing, raised the constitutional issues. Under these circumstances, we do not think there is any merit in the appellant's contention that he raised these constitutional questions at the first opportunity.

*Judgment adhered to on motion for rehearing. Bell, P. J., Jordan, P. J., Hall, Eberhardt, Dean, and Quillian, JJ., concur. Whitman, J., concurs in the judgment. Felton, C. J., dissents.*