## 57048. FRIEDMAN v. HARBOLD.

McMURRAY, Presiding Judge.

Defendant Friedman, an attorney and witness in his own behalf as a party defendant in a dog bite case, was adjudged in contempt for disrespectful, rude and insulting behavior in the trial after he was given a hearing at the conclusion of the dog bite case. The contumacious conduct found by the trial court arose out of a portion of the trial proceeding in which defendant Friedman was being cross examined as follows: "Q. Okay. And, it's still your

testimony that you are the only person here today that has spoken the complete truth, that you have heard? A. Sir, everyone of your witnesses have lied through their teeth. Q. That includes Mrs. Webb? A. That includes you, sir." Defendant appeals, traversing the findings of fact. *Held:*

1. While our federal judiciary does not approve of the trial judge in the court in which the offense allegedly occurred serving as the accuser as well as the trial judge, hearing the charges preferred by him; nevertheless, we know of no decision preventing same in this state or a decision holding such a hearing in state courts to be violative of the due process clause of the 14th Amendment. See *Cabot v. Yarborough,* 27 Ga. 476. There is no merit in the complaint that such trial violates the due process clause of the 14th Amendment.

Further, this question was raised for the first time on appeal and was not raised in the trial court. See *Cowart v. Ga. Hospital Service Assn.,* 135 Ga. App. 45 (1, 2, 3) (217 SE2d 379); *Garland v. State of Ga.,* 101 Ga. App. 395, 396 (2), 400 (114 SE2d 176).

2. Defendant admits that he, as a witness in the trial court, in the heat of battle, lost his head and in answering a question as to whether he thought another witness had not spoken the truth, he replied to counsel "[t]hat includes you, sir." While there have been many cases in which many instances of more flagrant contumacious remarks were made, nevertheless, the trial court did not err in holding it was contumacious in considering the facts and particularly so since the defendant was an officer of the court. See *In re Fite,* 11 Ga. App. 665 (2) (76 SE 397) *Garland v. State of Ga.,* 101 Ga. App. 395, supra; *Cohran v. Sosebee,* 120 Ga. App. 115 (169 SE2d 624).

3. In consideration of all the evidence the trial court did consider the evidence as to the defendant's illness, as well as other facts presented in mitigation, but, while sympathetic to the situation, the trial court refused to excuse or overlook the contumacious conduct. This case differs on its facts from *White v. State of Ga.,* 218 Ga. 290 (127 SE2d 668), which reversed *White v. State of Ga.,* 105 Ga. App. 616 (125 SE2d 239), affirming a judgment of contempt of the trial court. In the case sub judice the evidence supported the finding of contempt

notwithstanding the claims of illness and loss of temper, as an excuse for the defendant's conduct.

4. The case of *Townsend v. State of Ga.,* 54 Ga. App. 627 (188 SE 560), involves conduct outside of a court and is not controlling here. Here, as an attorney and officer of the court, defendant did not shed these duties when he became a witness in his own behalf. As such he was charged with knowledge other witnesses did not necessarily have in a court of law. See *Cohran v. Sosebee,* 120 Ga. App. 115, supra.

5. The findings of fact and conclusions of law conform to the requirements of Code Ann. § 81A-152 (CPA § 52; Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171). There is no merit in this complaint.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

ARGUED JANUARY 8, 1979 — DECIDED MAY 29, 1979 — REHEARING DENIED JUNE 28, 1979 — 

*Spencer J. Krupp, Hirsch Friedman,* for appellant. *Lawrence S. Burnat,* for appellee.