## 57680. IN RE McLARTY.

McMURRAY, Presiding Judge.

This case involves the appeal of a judgment finding an attorney to be in contempt of the trial court in which he was "ordered to pay a fine of $100, or in lieu thereof to serve ten (10) days in the DeKalb County jail." The conduct of the attorney occurred in a case in which he was counsel for the defendant after the trial court had overruled defendant's motion to set aside service by publication. As set forth in the trial court's order, counsel first advised that the court "could sign the order 'if you want to' . . . 'sign it, I don't care, its happened before; I'll take you up.' " The order overruling the motion to set aside was signed and a certificate of immediate review was also signed. Whereupon, counsel for the defendant, in turning to leave the courtroom, stated, "maybe the Court of Appeals will understand the law." Further colloquy then occurred between counsel and the court in which counsel requested the trial judge to disqualify himself in his cases and again remarked "in substance that the whole business (the subject case) was a bunch of 'garbage.' The court then indicated that Mr. McLarty was in jeopardy of being found in contempt and being incarcerated. In response Mr. McLarty stated, 'put me in jail, you have done it to the poor people, you might as well do it to me.' Following this statement, Mr. McLarty was found in contempt of court." The court then recited that he was found in contempt of court for openly and wilfully misbehaving in the presence of the court, by his conduct, attitude and statements which obstructed the administration of justice and reflected adversely upon the proceedings of the court. *Held:*

1. Numerous motions filed in this case have previously heretofore been denied and require no further consideration. However, the affidavits by a number of individuals present in the courtroom who allegedly witnessed the incident which were prepared and filed later in this case as to what occurred between counsel and the court at the end of the hearing as to a motion to set aside a service by publication will not be considered. Only the conversation as set forth in the order of the court

finding counsel in contempt will be considered here.

2. As shown in the contemnor's brief, counsel admits that he made the statements as shown above in the order finding him in contempt. We find the language as used to be intemperate, unnecessary, and scornful of the court, so as to amount to misbehavior, the obstruction of the administration of justice and to reflect adversely upon the proceeding of the court. The language was contumacious in considering the facts, and particularly so, since defendant was an officer of the court. See *In re Fite,* 11 Ga. App. 665 (2) (76 SE 397); *Garland v. State of Ga.,* 101 Ga. App. 395 (114 SE2d 176); *Cohran v. Sosebee,* 120 Ga. App. 115, 118 (169 SE2d 624).

3. The above holding requires no further consideration of the numerous enumerations of error, all of which are without merit by reason of the summary finding by the trial court of contempt occurring in the presence of the court. All other enumerations of error with reference to motions to recuse, to set aside the order, to correct the record in allowing certain affidavits into the record which involve matters occurring after the contempt will not be considered here. These are not involved in reviewing the order finding the defendant in contempt.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

ARGUED APRIL 11, 1979 — DECIDED JUNE 5, 1979 — REHEARING DENIED JUNE 22, 1979 —

*Al Horn, J. M. Raffauf,* for appellant.
*William E. Mumford, Assistant Solicitor,* for appellee.