SWAFFORD *v.* BERRONG.

84   65
120  922

1. In this State inferior courts not of record can fine for contempt. A town council made by charter a court, with "full power and authority to punish all offenders against the laws, rules and regulations of said town by fine and imprisonment, either or both," could inflict a fine if necessary to "preserve and enforce order in its immediate presence."

(a) Failure to limit the power of courts to punish for contempt does not destroy such power. It seems that such limit is fixed by the law making a justice's court the standard of an inferior court not of record. If not, the restrictive element of the town charter declaring that no fine inflicted by the town council shall exceed $20, applies to fines for contempt as well as for violations of the laws, rules and regulations of the town.

2. The charter authorizing the issuance of execution and levy and sale thereunder for all assessments, fines, pains and penalties, execution could be issued to collect the fine for contempt and the property of the offender could be levied on and sold thereunder.
December 4, 1889.

Courts. Contempt. Powers. Municipal corporations. Constitutional law. Statutes. Executions. Levy and sale. Before Judge HUTCHINS. Rabun superior court. March term, 1889.

Reported in the decision.

W. S. PARIS and BARROW & THOMAS, for plaintiff in error.

J. N. MERRITT and J. B. JONES, by brief, *contra.*

SIMMONS, Justice.

This was a suit in trover by Berrong against Swafford, founded on the following facts: The town of Clayton in the county of Rabun is incorporated by act

of the legislature. The governing board or council of said town were sitting as a court for the trial of said Berrong for an alleged infraction of one of the ordinances of the town. During the trial, in the court-room and in the presence of the court, the said Berrong made an assault upon a witness in the case, and besides used insulting and abusive language to the court, in open court, and in its immediate presence. Thereupon by judgment of the court, he was fined five dollars for contempt. Execution was issued against him to collect this amount, which was levied upon the property sued for in said action of trover; and said property, being duly advertised according to law, was sold by the proper officer and said M. W. Swafford became the purchaser, with full knowledge of the facts. Afterwards the said Berrong brought his said action of trover against the said Swafford to recover possession of said property thus purchased by Swafford.

The case was submitted to the judge upon the above statement of facts, to decide without a jury; and he decided in favor of Berrong, the plaintiff in the action of trover, holding that the sale under which Swafford purchased was void for want of power in the governing board or council of said town of Clayton to fine offenders for contempt of court and collect the same by execution. To this decision the defendant excepted and assigned error therein.

1. The decisions in England, and in other States of this country, are conflicting as to the power of inferior courts not of record to fine for contempts; but whatever the decisions may be in other jurisdictions, we do not think that under our code there can be a doubt of the power of such courts to punish for a contempt committed in their presence. Section 206, paragraph 1, declares that "every court has power to preserve and enforce order in its immediate presence, and as near

thereto as is necessary to prevent interruption, disturbance or hindrance to its proceedings." Section 203 declares that "the judicial power of the State is vested in such tribunals as are created by the constitution, and such other inferior courts as are or may be established by law, and such persons as are or may be specially invested with powers of a judicial nature." The charter granted by the legislature to the town of Clayton constitutes the town council a court, and gives it "full power and authority to punish all offenders against the laws, rules and regulations of said town, by fine and imprisonment, either or both." Acts 1874, 154. It is therefore either one of the "inferior courts established by law," or it is a body composed of "persons specially invested with powers of a judicial nature," according to section 203 above cited. Being therefore a court, and having judicial powers, it had the power, under section 206 above quoted, "to preserve and enforce order in its immediate presence." If, to preserve order in its presence, it was necessary in the judgment of that court to inflict a fine, we think, under this section of the code, it had a right to do so. It will be observed that the section is very broad; it does not say "courts of record," but says "every court" shall have this power; and as we have seen, this town council is a court by virtue of the authority given in the charter. We think that any and every court created, either by the constitution of the State or laws passed by the legislature, has power to punish for contempts committed in its immediate presence, or so near thereto as to interrupt, disturb or hinder its proceedings.

But it is argued by counsel for the defendant in error that under the constitution of the State (Code, §5012), " the power of the courts to punish for contempts shall be limited by legislative acts," and as there is no specific

limit in the charter constituting this court, as to its power to punish for contempts, it cannot exercise the power. We do not agree with counsel in this view of the law. If the legislature should fail to enact a law limiting the power of the courts to punish for contempts, we do not think that such failure to restrict the power would destroy the power itself. To preserve order, and for their own protection, it is necessary for courts to have this power. It is probable that in some sections of the country, courts could not exist without it. If the legislature should fail to carry out this provision of the constitution, according to the contention of counsel for the defendant in error the result would be, that these courts would be virtually abolished.

We are inclined to think, however, that the law has in fact limited the power of courts of this kind. It seems that a justice's court is made the standard, in England as well as in this country, of an inferior court not of record; and comparing the inferior court now under consideration with this standard, we are inclined to think that it is limited in its power to fine to the extent of the power conferred upon justices' courts. In this State a justice of the peace cannot fine more than five dollars, nor imprison more than five hours, for contempt of court. Code, §457, paragraph 2. The fine in the present case, being $5, did not exceed that limit.

If, however, we should be wrong in this view, we think the charter of the town of Clayton itself limits this power. The charter declares that no fine inflicted by the common council shall exceed $20. While it is true that this applies to fines for violations of the "laws, rules and regulations of said town," yet we think its restrictive element applies also to fines for contempts. No fine of any sort, according to the charter, can exceed that amount; in other words, the power to fine for any offence or for anything is limited to $20. When they reach that amount their power is exhausted.

2. It is also contended by the counsel for the defend-
ant in error that, admitting that the town council had
power to fine Berrong for contempt, it had no power to
issue execution and have it levied on his property and
have it sold.   In answer to this position, we say that
the act itself authorizes the issuance of an execution,
and the levy of the same and sale of the property there-
under, by the marshal, for "all assessments, fines, pains
and penalties."

We think, therefore, that the judge erred in holding
that the town council had no power to inflict this fine,
and in holding that the sale under the execution was
void.                                    *Judgment reversed.*