*J. J. Forehand* and *C. E. Hay,* for plaintiff in error.

---

## LYONS *v.* COLLIER, superintendent.

There being three ordinances of a city, the first, among other things, providing, under given circumstances, for the imposition of a sentence by the judge of the municipal court of a fine, or "confinement in the stationhouse, or both;" the second providing, among other things, that upon refusal to pay any fine, the court may by order require the person so refusing "to work on the streets" of the city; the third providing that all fines not otherwise paid may be enforced by work on the streets or public works of the city, such ordinances, relative to a sentence by the judge and the enforcement thereof by the imposition of a fine and the collection thereof, are to be construed together.

(a) Under such ordinances a sentence by the court imposing a fine, and directing that in default of the payment thereof the defendant do

"work on the streets or public works of the city" for a time within the limit prescribed by the ordinance, was not unlawful.

(b) The sentence being lawful, the detention of the defendant, under requirement of service upon the public works of the city, after refusal to pay the fine, was not unauthorized by law, and the defendant was not entitled to a discharge under the writ of habeas corpus.

Argued February 21,—Decided May 10, 1906.

Habeas corpus.    Before Judge Reid.    City court of Atlanta. January 17, 1906.

Section 1777 of the city code of Atlanta provides that "any person who, during the sitting of police court, or during a session of the council or general council, or board of aldermen, shall be guilty of contempt of court, or of council, or refuses to abide by any sentence or order of said court or council aforesaid, shall be fined in a sum not exceeding fifty dollars and costs, or confinement in the station-house, or both, as shall seem expedient or proper under the circumstances."    Under the section quoted, Gertrude Lyons, having been adjudged guilty of a refusal to abide a sentence of the municipal court of Atlanta,—the "police court,"—was sentenced by that court to pay a fine of $15.75 and costs, and, in default of such payment, to work on the streets or public works of said city 30 days under direction of the superintendent of public works. She failed to pay the fine and was placed in the charge of H. L. Collier, superintendent of public works of the City of Atlanta, and by his authority was detained in the city stockade and required to work on the streets and public works of the city.    Sections 1778 and 1779 of the city code of Atlanta are as follows: (§1778) "The clerk of council may issue an execution instanter, where any fine is imposed by the court, or mayor and general council, to be levied upon the goods, chattels, lands, and tenements of the person or persons fined, if the sum is not immediately paid, which execution shall bear test in the name of the mayor, and be signed officially by the clerk and be directed to the marshal of the City of Atlanta; or the court may, by order, compel any person fined, who shall fail or refuse to pay the fine, to work on the streets of said city, under the commissioner of public works, or other person having control over said works."    (§1779) "When any person is convicted of any offense against the laws and ordinances of the city, before the recorder, mayor, or mayor pro tem., or other presiding officer, it shall be discretionary with the court to punish such offenders by order-

ing them to work on the streets or public works of the city, under the supervision of the proper officer; and payment of all fines, not otherwise paid, may be enforced by work as aforesaid." Through the writ of habeas corpus, it is sought to obtain the discharge of Gertrude Lyons from custody, and to relieve her from execution of the sentence imposed upon her. The plaintiff makes no question as to the legality of the conviction, or as to the legality of any of the sections of the city code of Atlanta hereinbefore recited; but contends, that, upon the subject of the penalty authorized to be imposed, section 1777 is exhaustive, and that the municipal court of Atlanta has no power to impose any penalty other than the three prescribed in that section, to wit, fine, or "confinement in the station-house, or both." The defendant asserts that the section referred to is not exhaustive on the subject, but that sections 1778 and 1779 are also applicable, and therefore that the sentence of the court is lawful, and the detention of the prisoner for the purpose of executing the sentence is legal.

*Moore & Moore,* for plaintiff.

*J. L. Mayson* and *W. P. Hill,* for defendant.

ATKINSON, J. The three ordinances quoted in the statement of facts, in so far as consistent in their provisions, are to be construed together. All are directed against offenders of the city laws, and all relate, among other things, to the enforcement of penalties for the violation of the city ordinances. Under section 1777 of the municipal code, it was in the power of the court, by its sentence, to have imposed a fine and also confinement in the station-house. Upon the imposition of such a sentence by the court, the defendant could have served her term in the station-house, and omitted to pay the fine, thus leaving the sentence partly unexecuted. Without further authority than that expressed in section 1777, there would have been no way of enforcing the part of the sentence which required payment of the fine. To provide, among others, for just such cases, sections 1778 and 1779 were designed. By the express terms of section 1778, the clerk of council was authorized to issue execution to be levied upon the goods, chattels, etc., of the defendant, or, in lieu of issuing execution, the court was authorized to compel the defendant, upon refusal to pay the fine, "to work on the streets of the city under the commissioner of public works, or other person having control over said works."

And likewise, under section 1779, it is expressly provided that payment of all fines not otherwise paid may be enforced by work on the "streets or public works of the city." The recorder exercised the exact powers conferred by these ordinances for the collection of the fine imposed. The legality of the ordinances not being questioned, and their provisions clearly authorizing the sentence imposed by the court, it must follow that the detention of the prisoner, under the requirement of service upon the streets and public works of the city, was not illegal, and that she was not entitled to a discharge.          *Judgment affirmed.    All the Justices concur.*