### CHESTER *v.* LANFORD.

FISH, C. J. 1. The ordinance of the City of Atlanta embodied in the city code, § 1537, is not exhaustive on the subject of penalties which may be imposed for a violation of the same, but is to be considered in connection with the ordinance embraced in § 1779. Therefore, on the trial of an application for habeas corpus, involving the question of the legality of a sentence imposed for a violation of § 1537, it was not error to allow the answer of the respondent to be amended by setting up the provisions of § 1779 for the purpose of having the same considered in connection with those of § 1537 as showing authority for the imposition of such sentence.

2. The charter of the City of Atlanta and the provisions of the ordinances embodied in sections 1537 and 1779 of its city code, passed under such charter, give authority to the recorder, upon conviction of a person charged with keeping within the city spirituous, fermented, or malt liquors for illegal sale, to sentence him to pay a fine of five hundred dollars and costs, and, in default of such payment, to work on the streets or public works of said city thirty days, under the direction of the superintendent of public works. *Lyons* v. *Collier*, 125 *Ga.* 231 (54 S. E. 183); *Loeb* v. *Jennings*, 133 *Ga.* 796 (1) (67 S. E. 101).

3. Accordingly, the judge of the superior court did not, under the facts of this case, err in refusing to discharge the plaintiff in error from custody, under the writ of habeas corpus.

*Judgment affirmed. All the Justices concur.*

NOVEMBER 19, 1910.

Habeas corpus. Before Judge Pendleton. Fulton superior court. May 13, 1910.

*John W. Cox* and *Burton Cloud*, for plaintiff.

*James L. Mayson* and *W. D. Ellis Jr.*, for defendant.