BROOKS *v.* STURDIVANT, chief of police, *et al.*

No. 9378. AUGUST 10, 1933.

*Norman DeKrasner, George G. Finch,* and *Sidney G. Goodman,* for plaintiff.

*J. L. Mayson, C. S. Winn, J. C. Savage, John A. Boykin,* and *J. W. LeCraw,* contra.

BELL, J. Margaret G. Brooks filed a petition for the writ of habeas corpus against T. O. Sturdivant as chief of police of the City of Atlanta, and A. L. Poole as chief of detectives thereof, alleging that she was being unlawfully held as prisoner by the defendants, under an order of the recorder's court of the City of Atlanta, in which the plaintiff was adjudged to be in contempt of court, but in which the judge of the recorder's court exceeded his powers as to the amount of punishment inflicted. The petition alleged that the plaintiff testified as a witness in a case which was being tried in the recorder's court, "and that thereafter during the trial of said case the Hon. John L. Cone, judge presiding, adjudged your petitioner guilty of contempt of court, and immediately sentenced your petitioner to serve twenty days in the City of Atlanta prison." It was averred in the petition that the power of the recorder in a matter of contempt is the same as that of a justice

of the peace, which is limited by the Civil Code, § 4679, par. 2, to a fine of not more than $5, or to imprisonment for not more than five hours; and that the plaintiff had served for more than five hours as a prisoner in the station house before her application for the writ of habeas corpus was filed. The application was heard by Judge Humphries of the superior court of Fulton County, who denied the application, and the plaintiff excepted.

The allegations of fact as contained in the petition were accepted as true upon the trial. The following ordinances of the City of Atlanta were introduced in evidence:

"Section 841. Contempt of Court, while sitting—Penalty. Any person, who during the sitting of police court, or during a session of the council or general council, or board of aldermen, shall be guilty of a contempt of court, or of council, or refuses to abide by any sentence or order of said court or council aforesaid, shall be fined in a sum not exceeding $50 and costs, or confinement in the station house, or both, as shall seem expedient or proper under the circumstances."

"Section 843. Penalty when not otherwise provided. For violation of any ordinance, or section of an ordinance, for which no particular penalty has been prescribed, the court may impose, in its discretion, any fine not exceeding $100 and costs, or imprisonment not exceeding thirty days in the calaboose, or on the public works of the city."

Although it appears that the plaintiff was guilty of some act of contempt while testifying as a witness, the exact nature of the contempt is not otherwise more specifically shown by the record in this court. The only assignment of error in the bill of exceptions is that to the judgment remanding the plaintiff to the defendants' custody the "plaintiff then and there excepted and now excepts and assigns the same as error on the ground that the recorder of the police court of the City of Atlanta has no authority to sentence for contempt of court for a longer period than five hours, or a five-dollar fine, or both."

The defendants moved to dismiss the writ of error, on the ground that since the rendition of the judgment refusing the writ of habeas corpus the plaintiff has been released from custody, and is no longer being detained as a prisoner by the defendants or any other person. In response to this motion the plaintiff submitted affi-

davits in which it was shown that the execution of the sentence was merely suspended by releasing her from custody during the pendency of the writ of error.

■ The motion to dismiss the writ of error is denied. The present case is distinguished by its facts from *Stark* v. *Hamilton,* 149 *Ga.* 44 (99 S. E. 40, 5 A. L. R. 1041), and *Samuels* v. *Lanford,* 149 *Ga.* 167 (99 S. E. 532).

■ The charter of the City of Atlanta not only fails to confer any express authority upon the recorder's court to punish for contempt, but contains no reference whatever to the subject of contempts. It is provided by the Civil Code, § 4644, however, that "every court has power to preserve and enforce order in its immediate presence, and as near thereto as is necessary to prevent interruption, disturbance, or hindrance to its proceedings," and "to control, in furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it, in every matter appertaining thereto." Under these provisions, the recorder's court of the City of Atlanta has authority to punish for a contempt committed in its presence, even though such court may not be a court of record.

In *Kingsbery* v. *Ryan,* 92 *Ga.* 108 (5), 118 (17 S. E. 689), it was said: "The duration of punishment, when not regulated by statute, is subject to the sound discretion of the court, or the presiding judge." Since there is no statute which limits the power of the recorder of the City of Atlanta in a contempt case, the character and extent of the punishment must be determined by the presiding judge, in the exercise of a sound discretion. The punishment can not be cruel, unusual, or excessive, but must be reasonable in view of the particular facts and circumstances. Civil Code (1910), § 6365; Farnham *v.* Colman, 19 So. Dak. 342 (103 N. W. 161, 1 L. R. A. (N. S.) 1135, 117 Am. St. R. 944); 13 C. J. 92, § 140; Oswald on Contempt of Court, 237. By the Civil Code, § 4679, par. 2, it is provided that justices of the peace shall have power "to fine not more than five dollars, or imprison not more than five hours, any person guilty of a contempt of court." This section is of statutory origin, and refers only to justice's courts. We can not agree that the limitation as to punishing for contempts, as thus stated, was intended by the General Assembly to be applicable as a matter of law to other courts than those referred to therein. An

intimation to the contrary of this view was expressed in *Swafford* v. *Berrong,* 84 *Ga.* 65 (10 S. E. 593), a case which involved the power of a town council to punish for a contempt; but the decision in that case was finally placed upon a different ground. While the legislature has defined, as a matter of law, what may be reasonable as the punishment to be inflicted by a justice's court, it is yet true that some greater punishment might be reasonable as a matter of fact. Accordingly, it might in a particular case be reasonable for a recorder's court to inflict a greater punishment for a contempt than that which a justice of the peace is permitted to impose; and since there is no statutory or other limitation upon the recorder as to such matter, the rule of discretion is the proper rule to be applied. Whether or not the legislature could authorize a recorder's court to punish for contempt by a penalty which would be unreasonable in fact, a municipal ordinance which undertakes to do so, in the absence of provision therefor in the city charter, is itself unreasonable and should be treated as a nullity.

The charter of the City of Atlanta provides for the trial of offenders against the ordinances of the city, and authorizes the recorder's court to impose such penalties for violations thereof as may be prescribed by ordinance, not to exceed a fine of $500, and imprisonment and labor upon the public works for not longer than thirty days, for each offense. Ga. L. 1874, p. 116, §§ 5, 141, 143. This provision does not purport to deal with the subject of contempts, and there is no other provision of the charter which more nearly approaches that subject. In the *Swafford* case it was stated that under the·charter of the Town of Clayton no fine inflicted by the town council could exceed $20, and this amount was apparently considered by the court as the standard of punishment which might be imposed for a contempt of the town council in its capacity as a court. But in view of the language of the charter of the City of Atlanta, and the great disparity of the punishment therein authorized as compared with that which might have been imposed under the charter of the Town of Clayton, we can not apply the same construction to the charter of the City of Atlanta upon this question.

The constitution provides that the power of the courts to punish for contempts *shall be limited* by legislative acts (Civil Code of 1910, § 6376) ; and while the duty of the legislature in this· regard

has not been exercised as to the recorder's court of the City of Atlanta, or as to recorders' courts in general, the power of some other courts to punish for contempt has been the subject of legislative action. We have referred to the limitation upon the power of the justice of the peace, and have held that such limitation does not apply as a matter of law to a recorder's court. We are of the opinion, however, that the statute in reference to justices of the peace, with all other like statutes, may be considered in determining what would be a reasonable punishment to be inflicted by a recorder's court. By section 7 of the act approved January 19, 1872 (Ga. L. 1871-2, p. 291, 292, Park's Code of 1914, § 4775(11), Michie's Code of 1926, § 4775(38)), the judge of the county court was given authority to punish for contempts "by fine not exceeding $100, and imprisonment not exceeding 10 days." For such an offense the ordinary may punish "by a fine as high as $50, or imprisonment not exceeding 5 days (one or both)." Civil Code (1910), § 4791. The superior court has authority "to punish contempt by fines not exceeding $200, and by imprisonment not exceeding 20 days." Civil Code (1910), § 4849, par. 5. A judge of a city court established upon the recommendation of a grand jury has the same power in regard to contempts as is vested by law in the judge of the superior court. Park's Code of 1914, § 4831(p), Michie's Code of 1926, § 4831(16). The same is true of the judges of the municipal court of Atlanta. Ga. L. 1913, p. 171, § 48. Each of these courts has a vastly greater and more important jurisdiction than the recorder's court of the City of Atlanta; and yet for a contempt the plaintiff was sentenced to an imprisonment the duration of which was equal to the maximum which might be imposed even by a superior court. While the recorder did not impose a fine, and this fact should be taken into consideration, we think the period of confinement was unreasonable and excessive as a matter of law. The Supreme Court and the Court of Appeals are each limited to a period just half as long. Civil Code (1910), §§ 6103, par. 6, 6506. In assessing a penalty that was unreasonable and excessive the recorder exceeded his jurisdiction, and the sentence was void. *Drane* v. *Childers,* 18 *Ga. App.* 282 (89 S. E. 304) ; *Creasy* v. Hall, 243 Mo. 679 (148 S. W. 914, 41 L. R. A. (N. S.) 478). The court erred in not granting the application for the writ of habeas corpus.

The questions presented in the instant case were not involved in

*Lyons* v. *Collier,* 125 *Ga.* 231 (54 S. E. 183), or in *Hall* v. *Martin,* 177 *Ga.* 238 (170 S. E. 41.) We have not overlooked the very narrow and restricted language of the assignment of error. In *Simmons* v. *Georgia Iron & Coal Co.,* 117 *Ga.* 305 (43 S. E. 780, 61 L. R. A. 739), it was held: "The proceeding by habeas corpus is not, strictly speaking, either a civil or a criminal action, but a summary remedy created for the benefit of a person illegally held in custody by another, and having for its sole object the restoration to liberty of such person. . . The technical rules of pleading are not applicable in a proceeding of this character; and where a writ has been issued and in response thereto the person detained has been brought into court, it is not the proper practice to demur to the petition for want of sufficient allegations. While a motion to quash the writ may be made on this ground, the better practice, when the person detained is before the court, is to inquire into the cause of the restraint and pass such order as the justice of the case requires." The same liberal policy should be applied by this court in construing an assignment of error upon a judgment denying the writ of habeas corpus, where the assignment is sufficient to confer jurisdiction upon the reviewing court. See also, in this connection, *Plunkett* v. *Hamilton,* 136 *Ga.* 72 (5), 80 (70 S. E. 781, 35 L. R. A. (N. S.) 583, Ann. Cas. 1912B, 1259); *Wilkinson* v. *Lee,* 138 *Ga.* 360 (4), 365 (75 S. E. 477, 42 L. R. A. (N. S.) 1013).

*Judgment reversed. All the Justices concur, except Atkinson and Gilbert, JJ., who dissent, and Hill J., absent because of illness.*

ATKINSON and GILBERT, JJ., dissenting. Since there is no statute prescribing the punishment which may be imposed by the recorder of the City of Atlanta for a contempt of court, the character and extent of such punishment must be determined by the recorder in the exercise of a sound legal discretion, and can not be unreasonable or excessive. It can not be said as a matter of law, however, that the recorder has no authority to punish for a contempt of court by imprisonment for a period longer than five hours, or by a fine of more than $5, or both, as is true of justices of the peace. The assignment of error contained in the bill of exceptions raises no other question; and since the only assignment of error made by the plaintiff in error is not well taken, the judgment should be affirmed. *Kingsbery* v. *Ryan,* supra.