22053.   KITTEL et al. v. COMSTOCK.

DUCKWORTH, Chief Justice.   Where, as here, a Florida divorce decree allegedly gave custody of a minor child to the father, who thereafter voluntarily released custody to his parents for adoption to which he had given his consent, and the mother of the child thereafter brought habeas corpus proceedings against the husband's parents seeking custody of the child, and after a hearing, the judge ordered the child to remain in the custody of the grandparents with visitation privileges to the mother, and provided that the case be continued for approximately six months at which time permanent custody would be awarded, in law the custody thus granted was exhaustive of that court's jurisdiction and constituted a permanent award and the attempt to retain jurisdiction in the name of a continuance was contrary to law and was a nullity.   *Code* § 50-114; *Wilkinson v. Lee,* 138 Ga. 360 (4), 365 (75 SE 477, 42 LRA (NS) 1013); *Brooks v. Sturdivant,* 177 Ga. 514, 519 (170 SE 369); *Singleton v. Singleton,* 216 Ga. 790 (119 SE2d 558); *Richards v. McHan,* 139 Ga. 37 (76 SE 382); *Lockhart v. Lockhart,* 173 Ga. 846 (162 SE 129); *Ponder v. Ponder,* 198 Ga. 781 (32 SE2d 801); *Crowell v. Crowell,* 191 Ga. 36 (11 SE2d 190); *Goodloe v. Goodloe,* 211 Ga. 894 (89 SE2d 654); *Anthony v. Anthony,* 211 Ga. 356 (92 SE2d 857); *Perry v. Perry,* 212 Ga. 668 (1) (95 SE2d 2).   It follows that the judgment on the postponed date awarding custody to the mother was contrary to law, and the exception here being to that judgment a reversal is demanded.

*Judgment reversed.   All the Justices concur.*
ARGUED JUNE 10, 1963—DECIDED JULY 3, 1963.

*Roberts & Thornton,* for plaintiff's in error.
*Aaron Cohn, Cohn & Hirsch,* contra.