## 37096. LONG v. LONG.

JORDAN, Chief Justice.

Appellee challenges this court's jurisdiction for lack of a timely notice of appeal.

The Superior Court of DeKalb County entered its final order dissolving a receivership, discharging the receiver and providing for his compensation on April 18, 1980. That order further provided that "each party may file objections to this order during the next 30 days." Appellant filed his objections on May 13, 1980.

The trial court, after a hearing on the objection on October 10, 1980, ordered that "all terms and provisions of the Final Order of the Receivership of April 18, 1980, stand unchanged and affirmed." Appellant filed his notice of appeal to the order of October 10 on November 7, 1980.

The terms of the Superior Court of DeKalb County begin on the first Mondays in January, March, May, July, September and November. Georgia Laws 1973, p. 317.

"The regular terms of the superior and state courts shall continue until the commencement of the next regular term, at which time they shall stand adjourned" Code Ann. § 24-3010 (Ga. L. 1972, p. 713). Thus, by statute, the March term of the DeKalb County

Superior Court ended on the first Monday in May, May 5, 1980.

We held in *City of Cornelia v. Gunter,* 227 Ga. 464 (181 SE2d 489) (1971) that after the expiration of the term at which a decree was entered it is out of the power of the court to modify and revise it in any manner of substance or in any manner affecting the merits. See also *Carswell v. Shannon,* 209 Ga. 596 (2) (74 SE2d 850) (1952).

We agree with the appellee that an attempt to retain jurisdiction of a final order to the extent of allowing any party to file objections and thereby have the matter reconsidered by the court beyond the term in which the final order is entered is contrary to law and is a nullity. See *Kittel v. Comstock,* 219 Ga. 161 (132 SE2d 77).

We find no provision in Georgia law for changing or modifying a final judgment after the term in which it is rendered by the filing of an objection to it. The DeKalb County Superior Court no longer had jurisdiction of the matter after the March term ended on May 5, 1980, leaving the only appealable order the one of April 18. Since more than 30 days had elapsed from the date of that order and the notice of appeal on November 7, 1980, and no extensions of time having been granted, this appeal must be dismissed for lack of jurisdiction.

"A notice of appeal shall be filed within 30 days after the entry of the appealable decision or judgment complained . . ." Code Ann. § 6-803 (a). " 'The proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court.' " *Hester v. State,* 242 Ga. 173, 175 (249 SE2d 547) (1978); *Jordan v. Caldwell,* 229 Ga. 343 (191 SE2d 530) (1972).

*Appeal dismissed. All the Justices concur, except Hill, P. J., who dissents.*

DECIDED MAY 26, 1981.

Smith, Longabaugh, Hendon, Boyce, Dickson, Bell & Clark, B. J. Smith, for appellant.

Glen A. Garrett, Harrison, Kovacich & Naughton, Davies Owens, Jack L. Harrison, for appellee.