**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**June 7, 2012**

# In the Court of Appeals of Georgia

A12A0007. MANDT v. LOVELL.

MIKELL, Presiding Judge.

Lynda Y. Mandt appeals from the trial court's termination of a family violence permanent protective order (PPO) against William Roderick Lovell, the father of the parties' minor child. Mandt asserts error, contending that: 1) the trial court was barred by res judicata from considering Lovell's motion to terminate the PPO; 2) the trial court lacked jurisdiction to terminate an unappealed final order entered in a previous term of court; and 3) the trial court should have dismissed Lovell's case for failure to state a claim upon which relief could be granted. For the reasons that follow, we affirm.

We review legal error de novo. "When a question of law is at issue, as here, we owe no deference to the trial court's ruling and apply the plain legal error standard

of review."[1] "[F]actual findings made after a hearing shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. The appellate courts will not disturb fact findings of a trial court if there is any evidence to sustain them."[2]

The initial, temporary family violence protective order against Lovell was issued April 23, 2007. Mandt moved for a PPO. Both parties were represented by counsel. After a hearing,[3] the trial court on November 18, 2008, granted Mandt's motion and converted the temporary protective order to a permanent order and also issued a separate PPO. Lovell did not move for reconsideration, nor did he file an appeal. Two years later, on November 18, 2010, Lovell moved to terminate the PPO. This motion did not contain a case number, nor did it indicate whether it was a new case or part of the original action. At some point thereafter, the trial court opened a new case with a new number, and after a hearing on May 2, 2011, at which both

---

[1] (Citation and punctuation omitted.) *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

[2] (Citation and punctuation omitted.) *Harris v. Williams*, 304 Ga. App. 390-391 (696 SE2d 131) (2010) (overruled on other grounds).

[3] The transcript of this hearing is not in the record before us.

parties were represented, the trial court on May 12, 2011, granted the motion to terminate the PPO under the second case number as if this were new litigation.

Lovell alleged changed circumstances, including that a different court had granted him unsupervised visitation with the child, that neither he nor Mandt had custody of the minor child, and that the child's paternal grandfather and step-grandmother had petitioned for custody in another court. At the hearing on his motion, Lovell testified that he sought removal of the PPO so that he could gain additional employment, as potential employers who ran criminal background checks on him would discover the PPO. He also sought to terminate the PPO because "it's an embarrassment" socially and when he had to disclose its existence to a woman he was dating.

The trial court entered a written order terminating the PPO and ordering both parties to have no further contact with one another. Mandt filed this discretionary appeal, asserting three enumerations of error.

1. Mandt argues that the termination of the PPO was barred by res judicata. This enumeration is unavailing. If res judicata barred Lovell's present action, then res judicata would prevent any later reconsideration of trail court orders governing continuing or recurrent courses of conduct, for example, permanent injunctions.

3

2. Mandt next argues that the trial court lacked jurisdiction to terminate a final, unappealed order entered in a prior term of court.

Although Mandt shows that, as a rule, a trial court lacks jurisdiction to make material changes in a final order after the expiration of the term of court in which it was entered,[4] general principles with regard to the finality of judgments support the trial court's power to modify or terminate a protective order. Unlike a judgment for damages, for example, which is designed to close a matter, "[j]udgments that govern continuing or recurring courses of conduct may be subject to modification even though the power of doing so is not expressly provided."[5]

Nor would the principles of res judicata[6] necessarily bar a subsequent change in the judgment:

> If the judgment was one granting continuing relief, and a change of circumstances makes the judgment too burdensome or otherwise

---

[4] *Long v. Long*, 247 Ga. 624, 625 (278 SE2d 370) (1981) ("[A]n attempt to retain jurisdiction of a final order to the extent of allowing any party to file objections and thereby have the matter reconsidered by the court beyond the term in which the final order is entered is contrary to law and is a nullity.") (citation omitted).

[5] Restatement of the Law, Second, Judgments, § 73, Comment b.

[6] The Restatement does indicate that a judgment providing for continuing relief is not deprived of finality for purposes of res judicata, notwithstanding the possibility of modification. Id. at § 13, Comment c.

4

inapposite as a regulation of ongoing conduct, it is ordinarily possible for the party concerned to apply to the rendering court for a modification of the terms of the judgment.[7]

Here, the protective order provides continuing relief to Mandt through regulation of Lovell's conduct, and the trial court apparently found that the fact that the parties were no longer together and neither party had custody of the child negated the need for a protective order.

3. Mandt argues that the trial court erred by failing to dismiss the case below in that Lovell failed to state a claim upon which relief could be granted.[8] Rather than filing a petition or complaint, Mandt argues, Lovell initiated a new case with a motion to terminate the protective order in a prior, separate action.

Lovell's motion, however, states plainly his request for relief.[9] It cannot be said beyond doubt that he can prove no set of facts in support of his claim that would entitle him to relief.[10]

---

[7] (Citation omitted.) Id.

[8] OCGA § 9-11-12 (b) (6).

[9] See *Duke v. Buice*, 249 Ga. App. 164, 165 (547 SE2d 561) (2001) (pleadings are judged by their function rather than the name given to them by a party, and substance rather than mere nomenclature controls).

[10] *Baker v. A.G. Edwards & Sons, Inc.*, 199 Ga. App. 758 (406 SE2d 87) (1991).

5

Under the circumstances of this case, none of the enumerations of error mandate reversal of the trial court's order. Therefore, it is affirmed.

*Judgment affirmed. Miller and Blackwell, JJ., concur.*