## S12G2003. MANDT v. LOVELL.
(750 SE2d 134)

MELTON, Justice.

This case regards the trial court's termination of a family violence permanent protective order (PPO) issued against William Roderick Lovell and in favor of Lynda Y. Mandt. As set forth by the Court of Appeals, the underlying facts of this case are as follows:

> The initial, temporary family violence protective order against Lovell was issued April 23, 2007. Mandt moved for a PPO. Both parties were represented by counsel. After a hearing, the trial court on November 18, 2008, granted Mandt's motion and converted the temporary protective order to a permanent order and also issued a separate PPO. Lovell did not move for reconsideration, nor did he file an appeal. Two years later, on November 18, 2010, Lovell moved to terminate the PPO. This motion did not contain a case number, nor did it indicate whether it was a new case or part of the original action. At some point thereafter, the trial court opened a new case with a new number, and after a hearing on May 2, 2011, at which both parties were represented, the trial court on May 12, 2011, granted the motion to terminate the PPO under the second case number as if this were new litigation. Lovell alleged changed circumstances, including that a different court had granted him unsupervised visitation with the child, that neither he nor Mandt had custody of the minor child, and that the child's paternal grandfather and step-grandmother had petitioned for custody in another court.

(Footnote omitted.) *Mandt v. Lovell*, 317 Ga. App. 168, 169 (728 SE2d 772) (2012). After a hearing, the trial court entered a written order terminating some aspects of the PPO while leaving others, including

a requirement that Lovell stay away from Mandt, in place. The Court of Appeals affirmed the trial court's termination of the PPO, finding:

> Although Mandt shows that, as a rule, a trial court lacks jurisdiction to make material changes in a final order after the expiration of the term of court in which it was entered, general principles with regard to the finality of judgments support the trial court's power to modify or terminate a protective order. Unlike a judgment for damages, for example, which is designed to close a matter, "[j]udgments that govern continuing or recurring courses of conduct may be subject to modification even though the power of doing so is not expressly provided." [Restatement of the Law, Second, Judgments, § 73, Comment b]. . . . [T]he protective order provides continuing relief to Mandt through regulation of Lovell's conduct, and the trial court apparently found that the fact that the parties were no longer together and neither party had custody of the child negated the need for a protective order.

(Footnote omitted.) Id. at 170 (2).

We granted certiorari to determine under what circumstances, if any, a trial court may terminate a permanent protective order pursuant to OCGA § 19-13-4.[1] For the reasons set forth below, we affirm the Court of Appeals.

OCGA § 19-13-1 et seq. allows a superior court to issue certain protective orders to prevent recurrences of family violence. "Family violence" refers to "(1) [a]ny felony; or (2) [c]ommission of offenses of battery, simple battery, simple assault, assault, stalking, criminal damage to property, unlawful restraint, or criminal trespass." OCGA § 19-13-1. These actions, of course, must occur between certain statutorily-defined family members. Id. As to the duration of family violence protective orders, OCGA § 19-13-4 (c) provides:

> Any order granted under this Code section shall remain in effect for up to one year; provided, however, that upon the motion of a petitioner and notice to the respondent and after a hearing, the court in its discretion may convert a temporary order granted under this Code section to an order

---

[1] In answering this question, we consider only the legal issue of whether a PPO may be subsequently modified. We do not reach the propriety of the trial court's factual analysis regarding the changed circumstances of the parties.

effective for not more than three years or to a permanent order.

The central question in this case is whether and when a superior court may modify a family violence protective order once it has been made permanent. In general, a trial court has an inherent power to amend and control one of its orders during the same term in which the order was entered. In *Long v. Long*, 247 Ga. 624, 625 (278 SE2d 370) (1981), we pointed out that "an attempt to retain jurisdiction of a final order to the extent of allowing any party to file objections and thereby have the matter reconsidered by the court beyond the term in which the final order is entered is contrary to law and is a nullity."

In the area of family violence protective orders, this rule should not be without exception. As set forth in the Restatement of the Law, Second, Judgments, § 73,

a judgment may be set aside or modified if: (1) [t]he judgment was subject to modification by its own terms or by applicable law, and events have occurred subsequent to the judgment that warrant modification of the contemplated kind; or (2) [t]here has been such a substantial change in the circumstances that giving continued effect to the judgment is unjust.

Comment b of this Restatement provision further explains:

Judgments that govern continuing or recurring courses of conduct may be subject to modification even though the power of doing so is not expressly provided. Whether a judgment whose modification was not expressly anticipated ought to be open to modification depends on the nature of the controversy resolved by the judgment and the remedy awarded. If the controversy concerned a transaction that was complete when the judgment was rendered and the remedy was that of damages, the judgment is designed to close the matter. So also if the controversy concerned ownership claims to specific property and the judgment determined the parties' interests in the property, a modification would amount to an improper redetermination of those interests. On the other hand, an injunction against particular use of property, for example the control of a nuisance, is within the tradition that an injunction remains open for modification as long as

it remains in effect. . . . Nevertheless, the principal factor in whether a judgment is subject to modification is whether it contemplates an interaction between the activity of the judgment obligor and some other conditions over which the judgment does not exercise control. When an unforeseen or uncontrollable interaction occurs between the judgment obligor and the surrounding circumstances, the balance between burden and benefit can be disturbed. If the disturbance assumes substantial proportion, redress by modification may be appropriate.

A family violence protective order is the type of continuing judgment described by this comment.[2] Because the order directly impacts upon the interaction of members of a domestic unit, conceivably in perpetuity, a family violence protective order should remain subject to a potential future burden and benefit analysis. The burden of prohibiting an individual from interacting with his or her family or domestic unit must be balanced with the benefit of prospectively stopping family violence. This balance between these extremely important factors does not become immutable at the moment a PPO is entered. For that reason, a PPO should not be impervious to future modification if the underlying balance has substantially changed.

The text of OCGA § 19-13-4 supports this result, as the statute, itself, contemplates that the duration of family violence protective orders may be modified based on changing conditions and circumstances. See OCGA § 19-13-4 (c). While the statute speaks in terms of increasing the duration of an order if a complaint of continuing improper behavior is filed, it would be myopic to believe that the Legislature did not intend for a court to have at least some discretion to decrease the duration of an order when appropriate.

A restrained party who seeks termination of a permanent protective order must prove by a preponderance of the evidence that a material change in circumstances has occurred, such that the resumption of family violence is not likely and justice would be served by termination of the order. In reviewing cases such as this, a court should look to the totality of the circumstances. These circumstances may include the present nature of the parties' relationship, including

---

[2] "[C]ases seem to be uniform in holding that the court which rendered a decree for a permanent or perpetual injunction may open or modify the same where the circumstances and situation of the parties are shown to have so changed as to make it just and equitable to do so." *Power to Modify Permanent Injunction*, 68 ALR 1180 (1930).

proximity of shared residences and any shared parental responsibilities; the restrained party's history of compliance with the protective order and history of violence generally both before and after its issuance; the restrained party's efforts to undergo family violence therapy or similar counseling and rehabilitation; the age and health of the restrained party; any undue hardships suffered as a result of the order; and the existence and nature of any objections the victim has to termination of the protective order. See, e.g., *Freeman v. Freeman*, 239 P3d 557, 561 (I) (Wash. 2010) (enumerating factors to consider when adjudicating statutorily authorized request to terminate permanent protective order).

*Judgment affirmed. Thompson, C. J., Hines, P. J., Benham, Hunstein, Nahmias, JJ., and Judge William C. Rumer concur. Blackwell, J., disqualified.*

DECIDED OCTOBER 21, 2013.

*Bonnie E. Miller, Wendy J. Glasbrenner, Phyllis J. Holmen, Vicky O. Kimbrell, Lisa J. Krisher, Bradford W. Sperr*, for appellant.

*Daniels & Taylor, William M. Hill, Lorne H. Cragg*, for appellee.

*Nelson, Mullins, Riley & Scarborough, Mark R. Nash, Michelle W. Johnson, E. R. Lanier, Roy M. Sobelson*, amici curiae.