**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**February 27, 2014**

# In the Court of Appeals of Georgia

A13A1683. DALENBERG v. DALENBERG.

RAY, Judge.

Mr. Dalenberg filed an application for discretionary review of an order awarding attorney fees pursuant to OCGA §§ 19-13-4 and 9-15-14 to his ex-wife, Ms. Dalenberg, in his action to dismiss or modify a family violence 12-month protective order. We granted Mr. Dalenberg's application for discretionary appeal, and this timely appeal ensued. For the reasons that follow, we reverse.

The relevant facts are as follows. Mr. Dalenberg had been a White County Sheriff's deputy until his employment was terminated on or about July 22, 2011. Following his termination, Mr. Dalenberg retained his P.O.S.T. certification pending a review by the Georgia Peace Officer Standards and Training Council.

On October 18, 2011, Mr. Dalenberg and Ms. Dalenberg obtained a divorce , and approximately two weeks later, Ms. Dalenberg filed a family violence petition and obtained an ex parte protective order. On November 21, 2011, after an evidentiary hearing, the trial court entered a 12-month protective order, concluding that Mr. Dalenberg had violated the Family Violence Act. Under the terms of the protective order, Mr. Dalenberg was prohibited from possessing any firearms during this 12-month period.

Approximately six months later, on April 23, 2012, Mr. Dalenberg filed a motion to dismiss or, in the alternative, to modify the 12-month protective order on the grounds that the no-firearms provision had created a substantial hardship on his ability to obtain other employment in law enforcement and security-related fields. Ms. Dalenberg opposed the motion, arguing that a protective order is not subject to modification by a respondent under OCGA § 19-13-4 (c) and that Mr. Dalenberg's motion was barred by res judicata. She also moved to covert the 12-month protective order to a permanent protective order.

After the filing of Mr. Dalenberg's motion, the Georgia Peace Officer Standards and Training Council notified Mr. Dalenberg, in a letter dated June 6, 2012, that his P.O.S.T. certification would be revoked. The notice further advised Mr.

Dalenberg of his right to appeal the decision within 30 days. There is no evidence in the record as to when Mr. Dalenberg received this notice.

On June 7, 2012, the trial court held a brief hearing on the parties' motions concerning the future status of the 12-month protective order. After counsel presented their preliminary arguments, the trial court stated its concerns and shared its inclinations regarding the parties' respective positions. After a brief conference between counsel, the parties announced that they were dismissing their respective motions, and the hearing concluded without the presentation of any evidence and without any ruling by the trial court. The trial court subsequently executed a mutual consent order, wherein the parties dismissed their respective motions. The parties further agreed that Ms. Dalenberg could later file a motion for attorney fees and that any such motion would be determined on briefs without the necessity of a hearing.

On August 8, 2012, the Georgia Peace Officer Standards and Training Council executed a consent order which withheld the revocation of Mr. Dalenberg's P.O.S.T. certification and imposed the lesser sanction of a probationary period, allowing Mr. Dalenberg the opportunity to keep his P.O.S.T. certification.

On August 31, 2012, Ms. Dalenberg filed a motion for attorney fees pursuant to OCGA §§ 19-13-4 (a) (10) and 9-15-14 (a) and (b), contending that there was a

complete absence of any justiciable issue of law or fact with regard to Mr. Dalenberg's motion, and that it lacked substantial justification and was interposed for the purposes of harassment. The trial court agreed and awarded Ms. Dalenberg attorney fees in the amount of $6,172.77.

1. Mr. Dalenberg contends that the trial court erred in awarding attorney fees under OCGA § 9-15-14 (a) and (b). We agree.

(a) Under OCGA § 9-15-14 (a), the trial court shall award attorney fees when a party asserts a claim with such a complete absence of any justiciable issue of law or fact that the party could not reasonably believe that the court would accept it. On appeal, such an award is subject to the "any evidence" standard of review. *Doster v. Bates*, 266 Ga. App. 194, 195-196 (1) (596 SE2d 699) (2004). In applying this standard, "we must determine whether the claim asserted below either had some factual merit or presented a justiciable issue of law." Id. at 196 (1) (punctuation and footnote omitted).

Here, the record shows that Mr. Dalenberg had a factual basis for filing his motion. Although he argued, as an initial matter, that the protective order should not have been entered, the main thrust of his argument was based on a change in circumstances since the entry of the order. Specifically, Mr. Dalenberg contended that

4

he had abided by the terms of the protective order, that the purpose of the protective order had been accomplished, that there was no longer any threat of family violence, and that the restrictions in the protective order had created an undue burden on his ability to obtain available employment as a law enforcement or security officer. No evidence was presented to the trial court to refute any of these contentions.

Mr. Dalenberg also had a legal basis for the filing of his motion. A family violence protective order is a type of continuing judgment that is subject to future modification by the restrained party based on a change in circumstances. These circumstances may include, inter alia, the present nature of the relationship between the parties, the restrained party's history of compliance with the protective order, the history of violence between the parties before and after the issuance of the protective order, and any undue hardships suffered by the restrained party as a result of the protective order. See *Mandt v. Lovell*, 293 Ga. 807, 810-811 (750 SE2d 134) (2013).

We find that the trial court erred in finding that the Mr. Dalenberg's motion lacked any justiciable issue of law or fact. Accordingly, the award of attorney fees pursuant to OCGA § 9-15-14 (a) cannot stand.

(b) Under OCGA § 9-15-14 (b), the court may also award attorney fees if it finds that a party brought an action that "lacked substantial justification or "was

5

interposed for delay or harassment." We review a trial court's findings on such matters under an "abuse of discretion" standard. (Citation omitted.) *Murray v. DeKalb Farmers Market, Inc.*, 305 Ga. App. 523, 525 (2) (699 SE2d 842) (2010).

The trial court found that Mr. Dalenberg's motion lacked substantial justification and was interposed for the purposes of harassment, basing this finding on the following conclusions: that Mr. Dalenberg had no legal right to petition the court for a modification of a protective order under OCGA § 19-13-1, et seq.; that Mr. Dalenberg was attempting to re-litigate the protective order; that res judicata precluded Mr. Dalenberg from presenting additional evidence regarding the parties' history of violence; and that Mr. Dalenberg misrepresented his ability to return to law enforcement because knew that his P.O.S.T. certification would likely be revoked as a result of the prior termination of his employment as a law enforcement officer. We find that the trial court's legal conclusions are incorrect and that its factual conclusions are not supported by the record.

As noted in Division 1 (a), Mr. Dalenberg had the legal right to petition the trial court for a modification of the protective order based on the alleged change in circumstances. See *Mandt*, supra. Furthermore, on a motion for modification of a protective order, one of the circumstances that the trial court may consider is the

history of violence between the parties before the issuance of the order. Id. Therefore, the trial court's conclusions that Mr. Dalenberg had no legal right to file his motion and that he was precluded from presenting evidence regarding the parties' history of violence have no basis in law.

The trial court's conclusion that Mr. Dalenberg pursued his motion "in a clear attempt to re-litigate" the protective order is not supported by the record. Mr. Dalenberg's motion to dismiss or modify the protective order was predominately based on a change in circumstances which, arguably, made the terms of the protective order unjust. Moreover, there was no evidence presented to the trial court to refute those allegations.

Lastly, there is no evidentiary basis for the trial court's conclusion that Mr. Dalenberg "knew" that his P.O.S.T. certification would likely be revoked as a result of the prior termination of his employment as a law enforcement officer or that he had misrepresented his ability to return to law enforcement. The record shows that a law enforcement officer's termination of employment does not always result in the revocation of his or her P.O.S.T certification, as Mr. Dalenberg was ultimately allowed to retain his P.O.S.T. certification despite the loss of his job. Moreover, we

7

note that the trial court was aware of this fact prior to its ruling on the motion for attorney fees.

Accordingly, we find that the trial court erred in awarding attorney fees pursuant to OCGA § 9-15-14 (b).

2. Mr. Dalenberg also contends that the trial court's award of attorney fees pursuant to OCGA § 19-13-4 (a) (10) was not warranted under the circumstances of this case. We agree.

Although the trial court did not specify the basis for its award under this code section, it appears that trial court found that the code section was applicable because Mr. Dalenberg's motion involved a prior family violence protective order. We have held that OCGA § 19-13-4 (a) (10) permits a trial court, in addressing a family violence petition, to award costs and fees to either party in furtherance of the goal of "bring[ing] about a cessation of acts of family violence." (Punctuation omitted.) *Suarez v. Halbert*, 246 Ga. App. 822, 824-825 (1) (543 SE2d 733) (2000). In the instant case, we fail to see how an award of fees under this code section would serve that goal. Therefore, we find that the trial court erred in awarding attorney fees pursuant to OCGA § 19-13-4 (a) (10).

3. Based on our holding in Divisions 1 and 2 above, we need not address Mr. Dalenberg's challenge as to the amount of attorney fees that were awarded by the trial court.

*Judgment reversed. Barnes, P. J., and Miller, J., concur.*