# Court of Appeals
# of the State of Georgia

ATLANTA, March 07, 2017

*The Court of Appeals hereby passes the following order:*

## A15A1627. ROBERT H. MCNAIR, CO-EXECUTOR OF THE ESTATE OF W. O. MCNAIR v. RICHARD "RICHIE" HAROLD MCNAIR et al.

This is an appeal filed by Robert H. McNair ("Appellant"), one of three co-executors of the estate of W. O. McNair, from the judgment on a jury verdict allowing the will of Hazel McNair ("H. McNair") to be probated in solemn form. For the following reasons, we dismiss this appeal.

The pertinent facts are as follows: upon the death of H. McNair, her will, dated September 17, 2001, was filed for probate in solemn form in Turner County Probate Court in November 2011. Two co-executors were appointed under the will, Richard McNair ("R. McNair") and Penny Thompson. H. McNair's brother, W. O. McNair, filed a caveat to the probate of her will. An affidavit of the Appellant, contesting H. McNair's will, was filed with the caveat. The Probate Court issued an order on June 12, 2013, denying the Petition to Probate the Will in Solemn Form. R. McNair and Thompson filed an appeal of the Probate Court's order in Turner County Superior Court on June 21, 2013.

W. O. McNair passed away on July 27, 2013. His will appointed three co-executors, W. O. McNair, Jr., Thompson, and the Appellant (collectively, the "co-executors").[1] Prior to the trial on the caveat to H. McNair's will, W. O. McNair, Jr., Thompson, and R. McNair filed a motion to substitute parties. The trial court, after a hearing, entered an order substituting the co-executors in place of W. O. McNair.

The challenge to H. McNair's will was tried before a jury on September 15 and

---

[1] W. O. McNair's will is not part of the record.

16, 2014, and resulted in a jury verdict to probate the will in solemn form and a corresponding judgment entered by the trial court. The Appellant filed a Notice of Appeal on October 23, 2014, and this case was docketed in this Court on May 23, 2016.[2]

This Court has determined that we cannot reach the merits of this appeal, however, because it appears that the Notice of Appeal filed by the Appellant was legally insufficient to confer to us jurisdiction over this appeal.

> Before issuing an appellate decision, this Court first has a duty to determine whether it has jurisdiction in the appeal[.] The solemn duty devolves upon this court to inquire into its jurisdiction to entertain each appeal and review the alleged errors of the trial court. The jurisdiction of an appellate court to consider an appeal depends upon whether the appeal is taken in substantial compliance with the rules of appellate procedure prescribing the conditions under which the judgment of the trial court may be considered appealable.[3]

A valid notice of appeal is a requirement for this Court to exercise its jurisdiction.[4]

Further, as a general rule, an action by or against an estate must be brought or defended by the legal representatives of the estate.[5] And, under OCGA § 53-7-5 (a),

---

[2] We initially transferred this case to the Georgia Supreme Court, and it was returned to this Court stating this case did not concern the validity or meaning of a will. See Supreme Court Order, Case No. S15A1448, dated February 22, 2016.

[3] *Paine v. Nations*, 301 Ga. App. 97, 99 (1) (686 SE2d 876) (2009) (citations and punctuation omitted).

[4] See OCGA § 5-6-37; *Long v. Long*, 247 Ga. 624, 625 (278 SE2d 370) (1981) ("The proper and timely filing of the notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court.") (citation, punctuation, and emphasis omitted).

[5] See OCGA § 53-7-45 ("Personal representatives are authorized to compromise, adjust, arbitrate, assign, sue or defend, abandon, or otherwise deal with

personal representatives[6] must act unanimously.[7]

In this case, it is undisputed that the Appellant is a co-executor of the estate of W. O. McNair, along with Thompson and W. O. McNair, Jr. Moreover, the judgment that is being challenged on appeal is against these co-executors, collectively. It follows that, under the plain language of OCGA § 53-7-5 (a), the Appellant was not authorized to file a Notice of Appeal from that judgment on his own, without the cooperation or written consent of his co-executors. Consequently, the Notice of Appeal is legally insufficient on its face to confer jurisdiction on this Court.[8]

Accordingly, we hereby DISMISS this appeal.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__03/07/2017_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____, *Clerk.*

---

or settle debts or claims in favor of or against the estate."); *McCarley v. McCarley*, 246 Ga. App. 171, 172 (539 SE2d 871) (2000).

[6] "'Personal representative' means any administrator, administrator with the will annexed, county administrator, or executor." OCGA § 53-1-2 (12).

[7] OCGA § 53-7-5 (a) (1) provides that, "[i]f more than one personal representative is qualified and unless the will provides otherwise . . . , [t]he personal representatives must act by their unanimous action[.]" Subsection (a) (2) of that statute specifies, however, that "[t]he personal representatives may delegate in writing to one or more of them the authority to act for all of them; provided, however, that all the personal representatives remain liable for the actions of the personal representative who is authorized to act."

[8] See *Long*, 247 Ga. at 625.